UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**TYRONE BLOCKER**,

        Plaintiff,

v.

**WALTER BEGLAU, MARION COUNTY DISTRICT ATTORNEYS OFFICE, PAIGE E. CLARKSON, SALEM POLICE DEPARTMENT, AND OFFICER VANMETER**,

        Defendants.

Civil Case No. 3:12-1523-KI

OPINION AND ORDER

    Tyrone Blocker
    12620 SE Cora St.
    Portland, OR 97236

        Pro se Plaintiff

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Tyrone Blocker asserts a Section 1983 cause of action for an alleged constitutional violation occurring during his trial on a criminal charge in Marion County Circuit Court. In his Complaint, Blocker alleges the State introduced Blocker's post-Miranda statements through an officer's testimony during its case-in-chief, thereby compelling Blocker to incriminate himself. He alleges, as a result, that he was illegally convicted and imprisoned and is now entitled to $32 million dollars.

In Heck v. Humphrey, the Supreme Court concluded "that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been" previously invalidated. Heck, 512 U.S. 477, 486-87 (1994). A conviction can be invalidated by reversal on direct appeal, expungement by executive order, a state tribunal's declaration of invalidity, or by a federal court's issuance of a writ of habeas corpus. This rule prevents a district court from entering a judgment in a civil action that would "necessarily imply the invalidity of [a] conviction or sentence." Id. at 487.

If I weighed in on Blocker's allegations, I would necessarily imply the invalidity of Blocker's conviction and run afoul of Heck. Where a plaintiff is proceeding pro se, and is granted leave to proceed in forma pauperis, the court must dismiss the case if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Accordingly, because Blocker fails to state a claim on which the court may grant relief, Blocker's complaint must be dismissed without prejudice.

IT IS SO ORDERED.

DATED this     29th     day of August, 2012.

        /s/ Garr M. King
        Garr M. King
        United States District Judge